IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Jaime Leon Arguelles, both individually, and on behalf of )
  those similarly situated, )
                       Plaintiffs, )
    v. ) Case No. 1:23-cv-554
                      )
Selected Furniture, LLC. and )
Tomer Shlafrok, )
                      )
                    Defendants. )

**PLAINTIFF'S COMBINED CLASS ACTION AND**

**FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Plaintiff Jaime Leon Arguelles, both individually, and on behalf of those similarly situated, ("Plaintiff"), brings this this combined Rule 23 class action and FLSA collective action against Defendants Selected Furniture, LLC ("Selected Furniture") and Tomer Shlafrok ("Shlafrok") (cumulatively referred to as "Defendants"). Jaime Leon Arguelles will serve as the representative plaintiff in the Rule 23 class action and FLSA collective action; in support thereof, would show the Court as follows:

### INTRODUCTION

1. Jaime Leon Arguelles, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid overtime wages owed to Partlow and all other similarly situated workers employed by Selected Furniture and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, et seq.

2. Jamie Leon's class action and FLSA collective action claims based upon Selected Furniture's class-wide failure to pay employees wages based upon overtime and minimum

wage requirements, will be perfect for class and collective action treatment and will be easy to prove. Selected Furniture's wage and hour violations will be shown based upon a comparison of its time clock records and the face of pay stubs Selected Furniture issues to its employees. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.  In addition, Plaintiff seeks compensation for Defendants' Negligence under supplemental jurisdiction theories of recovery.

## JURISDICTION, VENUE, AND PARTIES

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b) because the FLSA claim involves federal questions of law.  The Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and transactions as Plaintiff's federal claims such that they form part of the same controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Knox County, Indiana.

5. Plaintiff is an individual who resides in Knox County, Indiana.

6. Defendant Selected Furniture is a corporation organized under the laws of Indiana; at all relevant times, it operated its business in Knox County, Indiana. Shlafrok is the president of Selected Furniture.

## FACTS COMMON TO ALL CLAIMS

7. Selected Furniture operates retail furniture store and manufacturer in the state of Indiana.

8. In addition to furniture Defendants manufacture other household goods; it employs over 35 laborers to assemble the goods and sell directly to customers.

9. Plaintiff performed labor at Selected Furniture, and he was employed there from 2009 to August 12, 2022. Plaintiff was paid approximately $15.00 per hour until 2020 when he was raised to $17.50 per hour.

10. Defendants implemented and mandated numerous policies for its laborers, including Plaintiff, that violate federal wage laws and Indiana common law.

11. All laborers, including Plaintiff, were required to pay a daily fee to work in Selected Furniture.

12. Defendant Selected Furniture is an employer as defined by 29 U.S.C. § 203(d); Defendant had and has employees subject to the provisions of 29 U.S.C. § 206. Selected Furniture is a for-profit club with in excess of thirty-five (35) employees and gross revenues far in excess of $500,000 per year. In addition, Selected Furnitures traffics in interstate commerce in that it advertises its services on the web, and it sells products that have trafficked in interstate commerce, including: beer, liquor, and sodas.

13. Defendant Shlafrok is also "employers" as that term is defined in Section 203 of the FLSA because (1) they had the power to direct and supervise Plaintiff's work, as well as the work of the members of the proposed collective/class; (2) they had the authority to hire and fire Plaintiff, as well as members of the proposed collective/class; and (3) they had the power to enact and implement compensation policies for its workers, including Plaintiff and members of the proposed collective/class.

14. Selected Furniture currently employs in excess of thirty- five (35) laborers, and Selected Furniture has a high rate of turnover for its employees. Accordingly, on information and belief, the class/collective membership would include more than seventy (70) employees.

15. Plaintiff and members of the proposed collective/class are not exempt workers under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this collective action for herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA. Attached as Exhibit A is her executed Consent to Join Collective Action; Ex. A is incorporated herein.

17. Plaintiff pursues the requested relief on behalf of the following proposed Collective:

    All individuals who currently work, or have worked, for Defendants, who have been deprived of overtime and minimum wage by virtue of not being paid by Selected Furniture time and a half their base salary for hours worked over forty (40) in a week

18. Plaintiff is a member of the collective she seeks to represent, because he was denied overtime wages earned during his week by virtue of the fact that he was paid the same wage for all hours worked in a work week; including the hours worked over forty (40).

19. This action may be properly maintained as a collective action because Plaintiff and the members of the collective are similarly-situated.

20. Plaintiff estimates that the collective, including both current and former employees over the relevant period, will include at least fifty members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

21. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I: VIOLATIONS OF THE FLSA

22. Plaintiff incorporates paragraphs 1-21 above as par. 22 herein.

23. Plaintiff began working for Selected Furniture in or before February 2022 to June 2022.

24. At all times, Plaintiff held the same position with Selected Furniture, he was a general labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to paint, cut wood, do the grills of the houses among other tasks, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

25. Defendants were paying Plaintiff an hourly wage of approximately $15.00 per hour until 2021 when he was raised to $17.50.

26. On information and belief, Plaintiff and all members of the proposed class were paid less than the prevailing overtime and minimum wages.

27. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 83 hours per week.

28. Plaintiff was paid their wages on a(n) weekly basis.

29. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

30. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

31. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

32. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

33. Plaintiff's unpaid weekly damages are representative of members of the proposed class.

34. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

35. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

36. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

37. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $35,403.75.

38. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers were unlawfully being deprived of wages, and that it is not a common practice in any U.S. industry to charge workers for the opportunity of a day's pay.

39. Plaintiff and members of the proposed class are also entitled to recover unpaid overtime wages to the extent any of them worked in excess of forty hours per week, and such damages shall equal the difference between one-and-a-half times the prevailing minimum wage and the hourly pay actually received. Plaintiff and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $35,403.75 in damages for Plaintiff alone; (ii) at least $35,403.75 in liquidated damages for Plaintiff alone;

(iii) commensurate damages for any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

40. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

## COUNT II: INDIANA WAGE PAYMENT STATUTE CLAIMS

41. Plaintiff incorporates herein by reference paragraphs 1 through 40 above. 41.

42. Plaintiff has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Jaime Leon Arguello is the named Plaintiff who represents the same or similar interests of all current Selected Furniture hourly-paid employees. By way of this Claim, Plaintiff is seeking, individually and on behalf of members of the Plaintiff Class of current and former Selected Furniture hourly-paid employees (who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Jaime Leon and his fellow Plaintiff Class members may be entitled pursuant to law.

43. Pursuant to I.C. 22-2-5-2, Plaintiff is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages,

including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses. Plaintiff further expressly asserts and alleges that Selected Furniture acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when they intentionally refused to pay overtime and minimum wages, all of which resulted in underpaid wages on a class-wide basis.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully prays for an Order:

a. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as a waitress during the three years prior to the filing of this Complaint;

b.  Certifying this case as a Collective Action;

c. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d. Issuance of a declaratory judgment that the practices complained of in this Collective Action are unlawful;

e. Finding that Defendants willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

f. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

g. Granting judgment in favor of Plaintiff and the Collective Members on their FLSA claims;

h. Awarding compensatory damages to Plaintiff and the Collective Members in an amount to be determined;

i. Awarding pre-judgment and post-judgment interest to Plaintiff and the Collective Members;

j. Awarding liquidated damages to Plaintiff and the Collective Members;

k. Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

l. Awarding reasonable incentive awards to the Named Plaintiff to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

m. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

n. Awarding any further relief the Court deems just and equitable; and

o. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/ James M. Dore

**Justicia Laboral LLC**
James M. Dore (ARDC No. 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com
